IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HERRON KENT DUCKETT | § | |
| v. | § | CIVIL ACTION NO. 6:23cv394 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Herron Kent Duckett, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Petitioner states that he was convicted of evading arrest with a vehicle in the 124th Judicial District Court of Gregg County, Texas, on April 2, 2014, receiving a sentence of 40 years in prison. He took a direct appeal and his conviction was affirmed by the 6th Judicial District Court of Appeals on March 3, 2015.  Petitioner also states that he has previously sought both state and federal habeas corpus relief concerning this conviction.

Petitioner contends that he has discovered errors of constitutional dimensions which his attorney committed at trial.  Specifically, Petitioner states that one juror had an implied bias against him due to her relationship to law enforcement officers, but counsel failed to ensure that she could be fair and impartial.  Petitioner also complains that counsel used the wrong statute when asking for an instruction on lesser included offenses, causing him to be denied such an instruction.

Court records confirm that Petitioner has previously sought federal habeas corpus relief concerning this same conviction. Duckett v. Director, TDCJ-CID, civil action no. 6:16cv1167 (E.D.Tex., dismissed May 27, 2018), *aff'd through denial of certificate of appealability*, slip op. no. 18-40589 (5th Cir., March 20, 2019).

**II. Discussion**

Title 28 U.S.C. §2244(b)(3) provides that before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The on-line records of the Fifth Circuit Court of Appeals show that on March 29, 2021, Petitioner filed a motion for authorization to file a successive habeas corpus petition complaining that trial counsel failed to challenge a juror with relatives in law enforcement, but this motion was denied. In re Duckett, slip op. no. 21-40237 (5th Cir., April 9, 2021).

Until Petitioner receives permission from the Fifth Circuit Court of Appeals to file a successive petition, as set out in 28 U.S.C. §2244(b)(3), the district court lacks jurisdiction to consider his claims in a new habeas petition. Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003). Petitioner's present habeas petition should be dismissed until such time as leave to file a successive petition is granted by the Fifth Circuit.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

A certificate of appealability may only issue if the prisoner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2); Buntion v. Lumpkin, 982 F.3d 945,

948 (5th Cir. 2020). In order to make that showing, the petitioner must demonstrate that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Buck v. Davis, 137 S.Ct. 759, 773, 197 L.Ed.2d 1 (2017). The Fifth Circuit's review is not a full consideration of the factual or legal bases adduced in support of the petitioner's claims, but rather an examination of whether the district court's decision was debatable. Buntion, 982 F.3d at 948, *citing* United States v. Davis, 971 F.3d 524, 530 (5th Cir. 2020).

When a certificate of appealability is denied because of a procedural default in state court, the applicant must further demonstrate that reasonable jurists could disagree with the procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Petitioner has not shown, nor does the record indicate, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that the Court lacks jurisdiction because he has not obtained leave from the Fifth Circuit to file a successive petition. Consequently, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as to its refiling without permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained. 28 U.S.C. §2244(b)(3). Petitioner may not refile this petition without first obtaining such leave, and the dismissal of this petition shall have no effect upon his right to seek permission from the Fifth Circuit to file a second or successive petition or to pursue such a petition in the event that permission is granted. It is further recommended that a certificate of appealability be denied *sua sponte*, with such denial referring solely to an appeal of the decision in this case and likewise having no effect upon Petitioner's right to seek permission from the Fifth Circuit to file a successive petition.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 5th day of September, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE