UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00394

**Herron Kent Duckett,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Respondent.*

### ORDER

Petitioner Herron Duckett, an inmate of the Texas Department of Criminal Justice proceeding pro se, filed this petition for a writ of habeas corpus challenging the legality of his conviction. The petition has been referred to United States Magistrate Judge John D. Love.

Petitioner was convicted of evading arrest with a vehicle in the 124th Judicial District Court of Gregg County, Texas, receiving a sentence of 40 years in prison. He took a direct appeal, and his conviction was affirmed by the Sixth Judicial District Court of Appeals. *Duckett v. State,* No. 06-14-00060-CR, 2015 WL 996188 (Tex. App.–Texarkana Mar. 3, 2015, pet. ref'd). His petition for discretionary review was denied. *Duckett v. State*, No. PD-0358-15 (Tex. Crim. App. 2015). Petitioner has also sought state and federal habeas corpus review. *See Duckett v. Davis*, No. 18-40589, 2019 WL 11866656 (5th Cir. 2019) (denying certificate of appealability).

Petitioner now argues that one juror had an implied bias against him due to her relationship with law enforcement officers, and that counsel failed to ensure that she would be fair and impartial. He also asserts that counsel cited the wrong statute in arguing for an instruction on lesser included offenses, causing him to be denied such an instruction.

After review of the pleadings, the magistrate judge issued a report (Doc. 8) recommending that the petition be denied. The magistrate judge observed that 28 U.S.C. § 2244(b)(3) provides that before a second or successive application for habeas corpus

relief is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. The on-line records of the Fifth Circuit show that petitioner moved in 2021 for authorization to file a successive habeas petition complaining that trial counsel failed to challenge a juror with relatives in law enforcement, but his request was denied. *In re Duckett*, slip op. no. 21-40237 (5th Cir. 2021). Because petitioner had not received such authorization, the magistrate judge determined that the district court lacked jurisdiction to consider petitioner's application for habeas corpus relief. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

In his objections, petitioner argues that he is proceeding under 28 U.S.C. § 2241 rather than § 2254. Because petitioner is challenging the validity of his conviction, his petition is properly construed as a § 2254 petition regardless of the label placed on it. *Basey v. Trump*, 803 F. App'x 806 (5th Cir. 2020); *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015). A prisoner cannot evade the procedural rules governing § 2254 petitions by the simple expedient of claiming that his petition was brought under § 2241 instead. *Gaines v. Dretke*, No. 3:06-cv-778, 2002 WL 2728826 (N.D. Tex., Sept. 22, 2006). Because the petition is properly construed as a § 2254 proceeding, the magistrate judge correctly determined that it should be dismissed until leave to file a successive petition is granted by the Fifth Circuit. Doc. 8 at 2.

Having reviewed the magistrate judge's report and the petitioner's objections de novo, the court overrules the petitioner's objections and accepts the findings and recommendations of the magistrate judge's report. Petitioner's application for a writ of habeas corpus is therefore dismissed with prejudice as to its refiling without permission from the Fifth Circuit, but without prejudice as to its refiling once such permission has been obtained. A certificate of appealability is denied sua sponte, but the denial applies only to an appeal of the decision in this case and shall have no effect upon petitioner's right to seek permission from the Fifth Circuit to file a successive petition.

*So ordered by the court on October 23, 2023.*

_____
J. CAMPBELL BARKER
United States District Judge